# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

ABBVIE INC.; ALLERGAN, INC.; DURATA THERAPEUTICS, INC.; ABBVIE PRODUCTS LLC; APTALIS PHARMA US, INC.; PHARMACYCLICS LLC; ALLERGAN SALES, LLC,

    *Plaintiffs*,

  v.

PATRICK MORRISEY, in his official capacity as the West Virginia Attorney General;

and

ALLAN MCVEY, in his official capacity as the West Virginia Insurance Commissioner;

and

JOHN BERNABEI, in his official capacity as BOARD PRESIDENT OF THE WEST VIRGINIA BOARD OF PHARMACY; and JAMES RUCKER, JENNA MISITI, SAM KAPOURALES, DAVID BOWYER, DENNIS LEWIS, and ROBERT DUNCAN, in their official capacities as MEMBERS OF THE WEST VIRGINIA BOARD OF PHARMACY; and MICHAEL GOFF, in his official capacity as the EXECUTIVE DIRECTOR OF THE WEST VIRGINIA BOARD OF PHARMACY.

    *Defendants*.

No. 2:24-cv-00298

Judge Thomas E. Johnston

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

AbbVie respectfully submits this response to Defendants' Notice of Supplemental Authority (ECF No. 40) concerning the U.S. District Court for the Western District of Louisiana's recent decision in *AbbVie Inc. et al. v. Landry*, 6:23-cv-01307-RRS-CBW, *Pharm. Rsch. & Mfrs. Of Am. v. Landry*, 6:23-cv-00997-RRS-CBW, and *AstraZeneca Pharm. LP v. Landry*, 6:23-cv-01042-RRS-CBW.  AbbVie believes that decision is erroneous and noticed its appeal to the United States Court of Appeals for the Fifth Circuit on October 8, 2024.  *See* Notice of Appeal (ECF No. 90), *AbbVie Inc. et al. v. Landry*, 6:23-cv-01307-RRS-CBW (W.D. La. Oct. 08, 2024) ("*Landry*").

The Louisiana court's decision has limited persuasive force.  And, although the Attorney General references other recent decisions in Mississippi and Maryland in his notice, he elides that none of those courts, including Louisiana, have managed to agree on *why* the state's laws (despite being textually similar) are constitutional with respect to preemption or takings.  ***First***, unlike other courts, the Louisiana court concluded the Louisiana law was not preempted because the federal statute does not address contract pharmacies, or the relationship between covered entities and contract pharmacies, "which are the subject matter of Louisiana's Act 358." *Landry* Summ. J. Order at 17.  That misunderstands and is not AbbVie's argument, but even if it were, that basis is unavailable here, where, by contrast, the Attorney General has already conceded that West Virginia's S.B. 325 governs relationships between covered entities ***and manufacturers***, not contract pharmacies.  *See* Mot. Hr'g Tr. at 61:21–62:7 (J.H. Mahaney, counsel for Defendants) (arguing that S.B. 325 "keeps the manufacturers from preventing covered entities, from using contract pharmacies for distribution.").

***Second***, the court's holding that Louisiana's Act 358 does not effectuate a taking because it does not compel "direct confiscatory sales to private pharmacies," *Landry* Summ. J. Order at 30, misunderstands both AbbVie's argument and the federal 340B program.  The 340B program does

not require manufactures to sell to anyone, merely that they make an *offer* to covered entities. In other words, Louisiana's (and West Virginia's) state law compels the sale in the first instance. *See Landry*, Mot. Hr'g Tr., June 6 (ECF No. 84) at 37:2–38:9 (Matthew Owen, counsel for AbbVie) (explaining that Act 358 effects a taking "whether you're being ordered to give your property to a nonprofit hospital or to a for-profit Walgreens"). For another, the Louisiana court incorrectly concluded (without analysis) that the law works a regulatory taking, ignoring that Louisiana's law (like West Virginia's) compels the physical transfer of chattels (drugs) from manufactures to covered entities and their contract pharmacies over manufacturers' objection. Finally, unlike Mississippi, the Louisiana court relied on the voluntary participation doctrine, citing *Eli Lilly & Co. v. U.S. Dep't of Health & Human Services* for support. In doing so, the Court ignored AbbVie's argument that voluntary participation cannot apply where a *state* government seeks to free-ride on the benefit provided the *federal* government—indeed, the very facts presented in *Eli Lilly*, a suit about a *federal* program against the *federal* government.

  For the reasons stated above, the Louisiana decision is of limited persuasive force. AbbVie respectfully requests that this Court consider that decision in view of its limitations.

2

Respectfully submitted,

Dated: October 30, 2024

/s/ *Steven R. Ruby*

Ashley C. Parrish (*pro hac vice* forthcoming)
John D. Shakow (*pro hac vice* forthcoming)
KING & SPALDING LLP
1700 Pennsylvania Avenue N.W.
Suite 900
Washington, D.C. 20006
Telephone: (202) 626-2627
Email: aparrish@kslaw.com

Steven R. Ruby
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
CAREY DOUGLAS KESSLER & RUBY PLLC
Telephone: (304)-345-1234
Email: sruby@cdrklaw.com

Nicole Bronnimann (*pro hac vice* forthcoming)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone: (713) 276-7402
Email: nbronnimann@kslaw.com

Matthew S. Owen, P.C. (admitted *pro hac vice*)
Meredith M. Pohl (admitted *pro hac vice*)
Xiaorui Yang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Email: matt.owen@kirkland.com
         meredith.pohl@kirkland.com
         xiaorui.yang@kirkland.com

*Counsel for Plaintiffs.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiffs' Response To Defendants' Notice Of Supplemental Authority was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

                                                                     */s/ Steven R. Ruby*
                                                                     Steven R. Ruby