# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| ABBVIE INC.; ALLERGAN, INC.; DURATA THERAPEUTICS, INC.; ABBVIE PRODUCTS LLC; APTALIS PHARMA US, INC.; PHARMACYCLICS LLC; ALLERGAN SALES, LLC,<br><br>   *Plaintiffs*,<br> v.<br><br>PATRICK MORRISEY, in his official capacity as the West Virginia Attorney General;<br><br>and<br><br>ALLAN MCVEY, in his official capacity as the West Virginia Insurance Commissioner;<br><br>and<br><br>JOHN BERNABEI, in his official capacity as BOARD PRESIDENT OF THE WEST VIRGINIA BOARD OF PHARMACY; and JAMES RUCKER, JENNA MISITI, SAM KAPOURALES, DAVID BOWYER, DENNIS LEWIS, and ROBERT DUNCAN, in their official capacities as MEMBERS OF THE WEST VIRGINIA BOARD OF PHARMACY; and MICHAEL GOFF, in his official capacity as the EXECUTIVE DIRECTOR OF THE WEST VIRGINIA BOARD OF PHARMACY.<br><br>   *Defendants*. | No. 2:24-cv-00298<br><br>Judge Thomas E. Johnston |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO CONSOLIDATE AND STAY DEADLINES PENDING COURT'S
<u>RULINGS ON MOTIONS FOR PRELIMINARY INJUNCTION</u>**

AbbVie opposes Defendants' motion to consolidate proceedings for all purposes in *AbbVie, Inc. v. Morrisey*, No. 2:24-cv-298, *PhRMA v. Morrisey*, No. 2:24-cv-271; *Novartis Pharmaceuticals Corp. v. Morrisey*, No. 2:24-cv-272; and *AstraZeneca Pharmaceuticals LP v McVey et al*, No. 2:24-cv-00290. While AbbVie supports administrative consolidation for docket management purposes, full consolidation is inappropriate here. The plaintiffs' claims in the four cases are not identical and involve different legal issues and claims. Other district courts in similar litigation have taken that approach, consolidating the cases for administrative purposes like deadlines and hearing dates, while permitting the parties to file separate briefing and present separate oral arguments—much as this Court did at the preliminary injunction stage here. *See Novartis Pharmaceuticals Corporation v. Brown*, No. 1:24-cv-01557-MJM, (ECF No. 44) at 7–8; ECF No. 47. That approach has proved workable and achieves judicial efficiency while respecting the parties' rights.

In deciding whether consolidation is proper, the Fourth Circuit examines whether the actions implicate common questions of law or fact, whether the risk of prejudice outweighs the risk of inconsistent adjudications, whether judicial economy would be affected, including "the burden on parties, [and] witnesses[.]" *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (affirming consolidation of identical claims). But the mere presence of a common question of law or fact does not require consolidation. *See Michael v. Wyeth*, LLC, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (finding that "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate."). Here, Defendants admit in their motion that "the Plaintiffs do raise different claims challenging the constitutionality of SB 325." *See* Mot. at 7. Although there is some overlap (namely, field and conflict preemption claims), there are also significant distinctions. For example, AstraZeneca—

who did not file a motion seeking preliminary injunction—presents a Contracts Clause claim, while the other Plaintiffs do not. AbbVie and AstraZeneca present a Takings Clause claim; Novartis and AstraZeneca argue S.B. 325 is preempted under federal patent law; and PhRMA presents a Dormant Commerce Clause claim. For these reasons, AbbVie submits that requiring Plaintiffs to formally consolidate their briefing, arguments, and discovery is likely to confuse the issues and unnecessarily complicate discovery.

Defendants' concerns with respect to duplicative and burdensome discovery are misplaced. As Defendants correctly note, AbbVie intends to seek primarily third-party discovery in this litigation. Defs.' Mem. in Supp. of Mot. to Consolidate (ECF No. 45) at 5. That imposes no special burdens on the Defendants. Despite Defendants' assertions that AbbVie has not explained the necessity of discovery in this case, AbbVie has repeatedly articulated the importance of discovery to the development of its claims. *See e.g.*, Joint Notice Re Rule 26(f) Report (ECF No. 43) at 3–4. AbbVie's claims in this case—federal preemption, unconstitutional taking, and excessive fines—depend on facts in the possession of third parties. *Id.* For example, as this Court already recognized, the preemption claims turn in part on whether S.B. 325 has any effect on delivery of drugs; and on whether it requires cooperation with unlawful diversion of federal benefits, by requiring delivery of 340B-priced drugs without preserving covered entities' title to drugs, and in the absence of a principal-agent relationship with contract pharmacies. *See e.g.*, Mem. Op. and Order (ECF No. 53) at 18–20 (finding that "Plaintiffs' characterization that S.B. 325 regulates price, not delivery, is correct."). Because Defendants contest the factual accuracy of those statements, AbbVie must take discovery to overcome Defendants' stated factual disputes in anticipation of dispositive motions practice.

Further, Defendants are also incorrect that there is no need for such discovery, and that there has been no discovery in similar litigation. The parties in the Louisiana litigation agreed to a significantly expedited case schedule based on factors not relevant here. And although Defendants point to the denial of *AstraZeneca's* motion for expedited discovery in Mississippi, Mot. at 11-12, Defendants neglect to mention that *AbbVie* is currently moving forward with third-party discovery in Mississippi—and the Court has already held its Rule 16 conference in AbbVie's case and entered a case management order authorizing such discovery to commence. Order (ECF No. 33), *AbbVie v. Fitch*, 1:24-cv-00184-HSO-BWR (S.D. Miss Oct. 24, 2024) Discovery in Mississippi is now proceeding. AbbVie is of course prepared to coordinate with the other plaintiffs to avoid duplicative subpoenas to the same third-parties, mindful of the importance of balancing the burden on third-party respondents. But that kind of coordination does not compel formal consolidation for all purposes as Defendants request.

## CONCLUSION

For the reasons stated above, AbbVie respectfully requests that the Court deny Defendants' motion for consolidation.

Respectfully submitted,

Dated: December 31, 2024

Ashley C. Parrish (*pro hac vice* forthcoming)
John D. Shakow (*pro hac vice* forthcoming)
KING & SPALDING LLP
1700 Pennsylvania Avenue N.W.
Suite 900
Washington, D.C. 20006
Telephone: (202) 626-2627
Email: aparrish@kslaw.com

/s/ Steven R. Ruby
Steven R. Ruby
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
CAREY DOUGLAS KESSLER & RUBY PLLC
Telephone: (304)-345-1234
Email: sruby@cdrklaw.com

Matthew S. Owen, P.C. (admitted *pro hac vice*)
Meredith M. Pohl (admitted *pro hac vice*)

| | |
|---|---|
| Nicole Bronnimann (*pro hac vice* forthcoming)<br>KING & SPALDING LLP<br>1100 Louisiana, Suite 4100<br>Houston, TX 77002<br>Telephone: (713) 276-7402<br>Email: nbronnimann@kslaw.com | Xiaorui Yang (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 389-5000<br>Email: matt.owen@kirkland.com<br>        meredith.pohl@kirkland.com<br>        xiaorui.yang@kirkland.com |

*Counsel for Plaintiffs.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion to Consolidate and Stay Deadlines Pending Court's Rulings on Motions for Preliminary Injunction thereof was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

*/s/ Steven R. Ruby*
Steven R. Ruby