# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

ABBVIE INC., et al.,

        Plaintiffs,

v.                                                          CIVIL ACTION NO. 2:24-cv-00298

JOHN B. MCCUSKEY,
*in his official capacity as the*
*West Virginia Attorney General*,
et al.,

        Defendants.

## ORDER

This matter is before the undersigned on several discovery-related motions, including the *Motion to Stay Discovery Pending Fourth Circuit Appeal and for Protective Order*, filed by Defendants John Bernabei, David Bowyer, Robert Duncan, Michael Goff, Sam Kapourales, Dennis Lewis, Allan McVey, Janna Misiti, Patrick Morrisey—who has since been substituted by John B. McCuskey as the current Attorney General for the State of West Virginia—and James Rucker (together, "Defendants") on June 3, 2025. (ECF No. 64). Therein, Defendants seek a stay of discovery in this matter pending resolution of the ongoing appeal of the Court's Order granting Plaintiffs' preliminary injunction. *See id*. Plaintiffs Abbvie Inc., AbbVie Products LLC, Allergan Sales, LLC, Allergan, Inc., Aptalis Pharma US, Inc., Pharmacyclics LLC, and Durata Therapeutics, Inc. ("Plaintiffs") filed a joint response opposing Defendants' *Motion to Stay* on June 17, 2025. (ECF No. 66). Defendants filed a reply in support of their subject

*Motion to Stay Discovery* on June 24, 2025, (ECF No. 69), at which time the motion became ripe for adjudication.

On June 23, 2025, Change, Inc., an interested party, filed a *Motion to Join* in the Defendants' *Motion to Stay.* (ECF No. 67). On July 7, 2025, Plaintiffs responded in opposition to Change, Inc.'s *Motion to Join.* (ECF No. 70). Change, Inc. failed to timely reply, and the *Motion to Join* is also ripe for adjudication.

Finally, on July 25, 2025, Plaintiffs filed a *Motion to Compel Compliance with Subpoena Duces Tecum to Change, Inc.* (ECF No. 71) and a *Motion for Entry of a Standard Protective Order* (ECF No. 72). Four days later, on July 29, 2025, Plaintiffs also filed a *Motion to Compel Compliance with Subpoena Duces Tecum to Fruth Pharmacy, Inc.* (ECF No. 74). Defendants responded to Plaintiffs' *Motion to Compel* related to the Change, Inc. subpoena and Plaintiffs' *Motion for Entry of a Standard Protective Order* on August 8, 2025, (ECF Nos. 76, 77) and responded to Plaintiffs' *Motion to Compel* as to Fruth Pharmacy, Inc. on August 13, 2025 (ECF No. 78). Plaintiffs replied to the August 8 responses on August 15, 2025, (ECF No. 80) but did not reply to the August 13 response. Accordingly, these motions are also ripe for adjudication.

On July 28, 2025, discovery was referred to the undersigned by Standing Order filed nunc pro tunc to June 18, 2024. Having reviewed the parties' submissions, and for the reasons set forth herein, Defendants' *Motion to Stay and for Protective Order* and Change, Inc.'s related *Motion to Join* (ECF No. 67) are hereby **GRANTED**. In light of this ruling, Plaintiffs' *Motions to Compel* (ECF Nos. 71, 74) are **DENIED as moot**. Finally, Plaintiffs' *Motion for Entry of Standard Protective Order* (ECF No. 72) is **DENIED without prejudice**, and Plaintiffs are granted leave to file the motion anew within fourteen days of the lifting of the stay.

I.  BACKGROUND

Plaintiffs initiated this action on June 18, 2024, by filing their *Complaint for Declaratory and Injunctive Relief* (ECF No. 1) "against the West Virginia Attorney General, Insurance Commissioner, and the Members and Executive Director of Board of Pharmacy, challenging the applicability and constitutionality of S.B. 325 (codified at West Virginia Code § 60A-8-6a1)." (*Id.* at 2). On June 24, 2024, Plaintiffs moved for Preliminary Injunction to enjoin the enforcement of S.B. 325 pending adjudication of the case on the merits. (ECF No. 7). On November 5, 2024, Defendants moved to consolidate this case with three related cases[1] currently pending in this District and to stay all deadlines pending the Court's ruling on the then-pending preliminary injunction motion. (ECF No. 44). The Court granted the requested stay on November 22, 2024. (ECF No. 50). However, the Court did not rule on the requested consolidation, instead ordering Plaintiffs to respond to the motion to consolidate within fourteen days following the Court's ruling on preliminary injunction. (*Id.*).

On December 17, 2024, the Court granted Plaintiffs' Motion for Preliminary Injunction. (ECF No. 53). Plaintiffs filed their Memorandum in opposition to consolidation, as directed by the Court, on December 31, 2024, (ECF No. 55), and Defendants replied on January 21, 2025 (ECF No. 61). Defendants filed a Notice of Appeal of the Court's Memorandum Opinion and Order granting preliminary injunction on January 16, 2025. (ECF No. 58). That appeal remains pending, as does Defendants' motion to consolidate.

---

[1]  The cases Defendants seek to consolidate with this action are as follows: Civil Case No. 2:24-cv-271, *Pharmaceutical Research and Manufacturers of America v. Patrick Morrisey et al.*; Civil Case No. 2:24-cv-272, *Novartis Pharmaceuticals Corporation v. Morrisey, et al.*; and Civil Case No. 2:24-cv-290, *AstraZeneca Pharmaceuticals LP v. Allan McVey, et al.*

On May 22, 2025, Plaintiffs served *Notices of Subpoena* on two third-party pharmacies, Change, Inc. and Fruth Pharmacy, Inc. (ECF Nos. 62, 63), demanding that each produce certain documents on June 3, 2025, at 10:00 a.m. *See* (ECF No. 64-1 at 3-22). Plaintiffs also noticed its intent to depose both third parties. (*Id.* at 23-40). In a letter sent to Defendants' counsel on May 22, 2025, Plaintiffs inform Defendants of their intent to proceed with discovery as to those third parties, stating "[t]here is no order in place staying discovery or further proceedings in AbbVie's case pending resolution of the State's appeal from the Court's Order granting AbbVie's Motion for preliminary injunction. Nor does AbbVie believe any such stay is warranted." (*Id.* at 43).

Defendants now move to stay discovery pending a ruling by the Fourth Circuit Court of Appeals on their appeal of the preliminary injunction and for the issuance of a Protective Order "to preclude enforcement of the subpoenas issued by AbbVie to a third[-]party contract pharmacy and covered entity[2] . . . until after the Court has ruled on the pending Motion to Consolidate and has entered a scheduling order . . . after remand from the Fourth Circuit." (ECF No. 64 at 1). Plaintiffs responded in opposition on June 17, 2025, arguing that Defendants' request for a stay and protective order "is unwarranted, improper, and should be denied" because there is no "legitimate basis" for a stay and the subpoenas at issue are not directed at Defendants. (ECF No. 66 at 2-3). On June 23, 2025, Change, Inc.—one of the third-party pharmacies subpoenaed by Plaintiffs—moved to join in Defendants' motion. (ECF No. 67). The following day, June 24, 2025, Defendants replied to Plaintiffs' response in opposition, characterizing Plaintiffs' subpoenas as

---

[2] Although this could be construed as seeking relief only as to the subpoenas served upon *one* of the third party pharmacies, the Court surmises from the Exhibits attached to Defendants' motion (ECF No. 64-1), as well as the Memorandum of Law in support filed contemporaneously with that motion (ECF No. 65), that Defendants seek relief as to the subpoenas served upon *both* Change, Inc. and Fruth Pharmacy, Inc.

4

facially invalid because notice was provided to Defendants *after* the subpoenas had already been served. (ECF No. 69 at 1). Defendants also contend that they are impacted by the subpoenas issued by Plaintiffs because they "will have to review whatever materials are produced and be prepared to meaningfully participate in the depositions" and that "the subpoenas themselves belie the assertion that Defendants are not burdened 'at all' by having their counsel appear for two day-long depositions that may be unnecessary or duplicative after the Fourth Circuit rules." (*Id.* at 2). On July 7, 2025, Plaintiffs responded in opposition to Change, Inc.'s Motion to Join, arguing that Change, Inc. should not be rewarded for its attempts to "circumvent the ordinary discovery process by seeking an eleventh-hour stay and protective order" and that, regardless, it waived any objection to the subpoenas by failing to file its motion within fourteen days of service. (ECF No. 70 at 3).

On July 25, 2025, Plaintiffs filed a *Motion to Compel Compliance with Subpoena Duces Tecum to Change, Inc.* (ECF No. 71) and a *Motion for Entry of a Standard Protective Order* (ECF No. 72). The following week, on July 29, 2025, Plaintiffs filed a *Motion to Compel Compliance with Subpoena Duces Tecum to Fruth Pharmacy, Inc.* (ECF No. 74). Defendants filed responses in opposition to Plaintiffs' *Motion to Compel* as to Change, Inc. and *Motion for Protective Order* on August 8, 2025. (ECF Nos. 76, 77). On August 13, 2025, Defendants, likewise, responded in opposition to Plaintiffs' *Motion to Compel* as to Fruth Pharmacy, Inc. (ECF No. 78). Plaintiffs replied to Defendants responses in opposition as to the Change, Inc. subpoena and the protective order on August 15, 2025, (ECF No. 80) but failed to reply to Defendants' response in opposition to the Fruth Pharmacy, Inc. subpoena. The matters are now ripe for adjudication.

5

## II. LEGAL STANDARD

District courts are afforded "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

The Court exercises "broad discretion . . . to decide when a protective order is appropriate." *Johnson v. Ford Motor Co.*, 3:13-cv-06529, 2015 WL 3687854, at *8 (S.D. W. Va. June 12, 2015). Likewise, the Court exercises discretion to decide "what degree of protection is required," as well as "in what fashion." *Id.*; *Perry v. City of Pontiac*, 254 F.R.D. 309, 312 (E.D. Mich. 2008) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 306 (6th Cir. 2007)). For instance, the Court's protective order may, inter alia, "(A) forbid[] the disclosure or discovery; (B) specify[] terms, including time and place . . . for the disclosure or discovery;" [and/or] (C) "prescrib[e] a discovery method other than the one selected by the party seeking discovery[.]" Fed. R. Civ. P. 26(c)(1)(A)-(C).

Courts are also afforded discretion to stay discovery when necessary. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). "Even with the court's broad discretion, however, '[t]he party seeking a stay must justify it by clear and

6

convincing circumstances outweighing potential harm to the party against whom it is operative.' " *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. CV 3:15-14887, 2018 WL 11412001, at *1 (S.D.W. Va. Apr. 30, 2018) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). "In determining whether the movant has met this burden, the Court must consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.' " *Clark v. Appalachian Power Co.*, No. 2:24-CV-00424, 2025 WL 72165, at *2 (S.D.W. Va. Jan. 10, 2025) (quoting *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)) (internal quotation and citation omitted); *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2 (S.D.W. Va. Feb. 13, 2020).

### III. DISCUSSION

Defendants now move to stay discovery in this case and for a protective order to preclude enforcement of the subpoenas issued by Plaintiffs to Change, Inc. and Fruth Pharmacy, Inc. until after the Court rules on the pending consolidation motion and the appeal of the preliminary injunction is decided. (ECF No. 64). Because all of the cases Defendants seek to consolidate with this one are currently stayed pending Defendants' appeal of the Court's preliminary injunction, Defendants contend that "[t]here is no need for discovery to move forward in this case at this time, and no basis for discovery to move forward in this case only prior to the Court ruling on the pending motions to consolidate." (ECF No. 65 at 3). Defendants further argue that "[t]he nature, scope and extent of any discovery necessary in this case will be determined by the Fourth Circuit's decision in this case," and thus, "there is no need for AbbVie or any other party to move forward with any discovery" until after the appeal process is complete. (*Id.*). They further contend that

"[s]taying discovery and holding the case in abeyance pending the Fourth Circuit's resolution of the appeal and the pending motion for consolidation clearly promotes judicial economy in this case, and will help ensure the 'just, speedy, and inexpensive determination of [this] action and proceeding.' " (*Id.* at 4-5) (quoting Fed. R. Civ. P. 1). Finally, Defendants assert that a protective order is warranted because the subpoenas issued by Plaintiffs are "facially invalid" and Plaintiffs "failed to provide notice to the Defendants before serving them." (*Id.* at 4).

In response, Plaintiffs oppose the requested stay and protective order, arguing that the stay Defendants seek is "unwarranted and would hinder AbbVie's ability to gather essential evidence necessary to prosecute its claims." (ECF No. 66 at 5). They contend that "[a]side from Defendants' unsupported proclamation that 'there is no need for discovery . . . at this time,' . . . there is no reason to depart from the normal trial track in this case" and that staying discovery would "cause unjustified delay as a motion for preliminary injunction is not a dispositive motion and does not determine the final outcome of the case—rather, it merely preserves the status quo while the parties litigate the case." (*Id.* at 6-7). As to the request for protective order, Plaintiffs assert that Defendants lack standing to seek such relief over third-party discovery, but that even if they did have standing to challenge the subpoenas, the Court should, nonetheless, deny the motion "because 'the documents sought in the subpoenas appear relevant to the claims and defenses, and proportional to what is at issue in this case." (*Id.* at 10-11). Finally, Plaintiffs contend that Defendants received notice of the third-party subpoenas the same day they were issued and any defect in the process does not warrant issuance of the requested protective order. (*Id.* at 11-12). The Court will address the issue of standing first.

"The explicit mention of 'a party' in [Rule 26(c)(1)] has been interpreted to provide standing for a party to contest discovery sought from third-parties [sic]." *McEvoy v. Diversified Energy Co. PLC*, No. 5:22CV171, 2023 WL 6194924, at *2 (N.D.W. Va. May 15, 2023), *objections overruled*, No. 5:22-CV-171, 2023 WL 6195039 (N.D.W. Va. May 31, 2023) (quoting *Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 236 (D.Minn. 2013)). Defendants, thus, have standing to seek a Protective Order against the subpoenas at issue. Additionally, the Court concludes that Change, Inc's *Motion to Join* (ECF No. 67) in Defendants' *Motion to Stay Discovery and for Protective Order* is authorized under this rule. Accordingly, Change, Inc.'s *Motion to Join* (ECF No. 67) is **GRANTED** to the extent it requests to join in Defendants' Motion.[3]

Upon review of Defendants' *Motion* and the record, the Court finds that a stay of discovery pending the District Judge's resolution of the pending *Motion to Consolidate* is warranted. Each of the cases that Defendants seek to consolidate, aside from this one, is stayed pending resolution of the Defendants' interlocutory appeal of the preliminary injunction issued by the Court. Allowing discovery to proceed in this case could result in duplicative discovery—which is both burdensome and wasteful—should the Court grant the request to consolidate. Additionally, there is no indication from Plaintiffs that the third-party discovery they seek is time-sensitive or that any delay in conducting the requested discovery would unjustly prejudice Plaintiffs, especially in light of the preliminary injunction currently enjoining Defendants from enforcing West Virginia Code § 60A-8-6a against them. (ECF No. 53). In sum, the undersigned **FINDS** that Defendants have justified the relief sought by clear and convincing circumstances

---

[3] Further, insofar as Change, Inc.'s Motion (ECF No. 67) raises the same arguments made by Defendants, the Court's findings vis-à-vis Defendants' Motion (ECF No. 64) apply to Change, Inc's Motion (ECF No. 67).

outweighing potential harm to Plaintiffs, and the facts of this case warrant a stay of discovery and entry of a protective order precluding enforcement of the subpoenas issued by AbbVie to the third-party contract pharmacies and covered entities until after the Court has ruled on the pending Motion to Consolidate and has entered a scheduling order after remand from the Fourth Circuit.

## IV. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Stay and for Protective Order* and Change, Inc.'s related *Motion to Join* (ECF No. 67) are hereby **GRANTED**, and Plaintiffs shall be precluded from enforcing any subpoenas issued to third-party contract pharmacies and covered entities pending the Court's lift of the stay of discovery.

In light of this ruling, Plaintiffs' *Motions to Compel* (ECF Nos. 71, 74) are **DENIED as moot**. Finally, Plaintiffs' *Motion for Entry of Standard Protective Order* (ECF No. 72) is **DENIED without prejudice**. The Court **ORDERS** that Plaintiffs are granted leave to file the motion anew within fourteen days of the Court's lifting of the stay.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: September 4, 2025

Dwane L. Tinsley
United States Magistrate Judge